```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID C. ASQUE,                )
                               )    Civil Action No.  07 - 67
                               )
 Plaintiff,                    )    Judge Arthur J. Schwab
                               )    Magistrate Judge Lisa Pupo
          v.                   )    Lenihan
                               )
ALLEGHENY COUNTY               )
                               )
                               )
    Defendant.
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus summarily be dismissed as moot and that a certificate of appealability be denied.

**II.     REPORT**

Petitioner, David C. Asque, a prisoner previously confined in the Allegheny County Jail (ACJ) in Pittsburgh, Pennsylvania, filed a petition for habeas corpus requesting his immediate release from custody on the basis of double jeopardy. For the reasons set forth below, the Petition should be dismissed as moot in accordance with the Rules Governing Habeas Corpus Cases Under Section 2254 Cases as Petitioner has been released from custody.

### A. Mootness

With respect to the present action, Petitioner asserts that he was confined at the ACJ in connection with drug and related charges that he contends violate the Double Jeopardy Clause of the United States Constitution. It appears that Petitioner was

released from custody sometime before April 27, 2007, when he submitted a change of address to the court (doc. no. 7). Because Petitioner no longer is in custody, his Petition has become "moot."

In this regard, Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992) (internal quotations and citations omitted). To meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S.

624 (1982). An exception to this general rule arises where a prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. Maleng v. Cook, 490 U.S. 488, 491-492 (1989); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988). The doctrine of collateral consequences is a narrow exception to the general mootness rule. Robbins v. Christianson, 904 F.2d 492, 494 (1990).

Here, Petitioner sought pre-trial release from custody on the basis of double jeopardy. The record shows that he has been released from custody. Thus, the doctrine of collateral consequences is not applicable to his claim. In these circumstances, no live controversy remains. Thus, Petitioner's claim for habeas corpus relief is barred as moot.

### B. Rule 4

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 provides, in relevant part, as follows.

> . . . The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. . . . In every case a copy of the petition and any other order shall be served by certified mail on the respondent and on the attorney general of the state involved.

In the instant action, it plainly appears "from the face of the petition . . . that the petitioner is not entitled to relief in the district court . . . ." Specifically, under the authority discussed above, it is clear that no live controversy remains and,

3

therefore, Petitioner's claim for federal habeas relief is barred as moot.  Accordingly, the instant petition should be dismissed.

### C. Certificate of Appealability

28 U.S.C. § 2253(c) contains the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition as moot is correct. Accordingly, a certificate of appealability should be denied.

**III.     CONCLUSION**

For the reasons stated above, this Court recommends that the Petition for Writ of Habeas Corpus be dismissed as moot and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Failure to file timely objections may constitute a waiver of any appellate rights.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
LISA PUPO LENIHAN
U. S. Magistrate Judge

Dated:    May 3, 2007

cc:       The Honorable Arthur J. Schwab
          United States District Judge

          Mr. David C. Asque
          241 Reifert Street
          Pittsburgh, PA 15210
          CERTIFIED MAIL
          RETURN RECEIPT REQUESTED